IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CT-3287-FL

| | | |
|---|---|---|
| JAMES W. LAWSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER |

This matter is before the court upon defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) (DE 18). Also pending are plaintiff's motions for jurisdictional discovery (DE 27) and to expedite consideration of the pending motions (DE 29). The issues raised have been briefed fully and in this posture are ripe for ruling. For the following reasons, the court denies defendant's motion and terminates as moot plaintiff's motions.

**STATEMENT OF THE CASE**

Plaintiff, a federal inmate proceeding pro se, commenced this action by filing a complaint asserting claims for violations of his civil rights pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and tort claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680. On August 22, 2025, the court directed plaintiff to file amended complaint particularizing his FTCA claim with allegations that he presented this claim to the relevant federal agency prior to filing this suit. (DE 11 at 2). Plaintiff filed amended complaint September 12, 2025. Therein, plaintiff alleges the Federal Bureau of Prisons ("FBOP") was medically negligent toward plaintiff which caused him to lose his right eye and plaintiff

consequently asserts a negligence claim against defendant United States of America pursuant to the FTCA. Plaintiff seeks $50,000,000.00 in damages for his FTCA claim. In order entered November 22, 2025, the court allowed plaintiff's FTCA claim to proceed and dismissed plaintiff's remaining claims pursuant to 28 U.S.C. § 1915(e)(2)(B). (DE 13).

On February 12, 2026, defendant filed instant motion to dismiss plaintiff's FTCA claim on the ground that the court lacks subject matter jurisdiction because plaintiff failed to exhaust administrative remedies. Specifically, defendant argues plaintiff did not satisfy the FTCA's presentment requirement where plaintiff only alleges he mailed his FTCA claim to the FBOP and does not allege the FBOP actually received notice of plaintiff's FTCA claim. In support of its motion, defendant relies upon sworn statement of Jonathan Benimana, paralegal specialist with the FBOP, plaintiff's inmate history, the FBOP's program statement regarding FTCA claims, and the FBOP's summary of plaintiff's administrative remedy requests through the FBOP's administrative remedy program.

Plaintiff responded in opposition to defendant's motion April 8, 2026, relying upon his personal affidavit, United States Postal Service ("USPS") certified mail receipt, and various exhibits attached to plaintiff's amended complaint. Plaintiff disputes the FBOP's argument that the FBOP had not received plaintiff's FTCA claim and argues in the alternative that plaintiff's evidence creates a factual dispute over whether plaintiff's FTCA claim was received and such dispute warrants further factual development. Plaintiff also filed instant motion for jurisdictional discovery April 8, 2026, arguing that, if necessary to resolve the factual dispute over whether plaintiff's FTCA claim was received by the FBOP, the court should grant limited jurisdictional discovery into the FBOP's mailroom procedures, regional office receipt logs, and contact manager records.

Defendant responded in opposition to plaintiff's motion for jurisdictional discovery April 22, 2026, arguing discovery would be futile because plaintiff's documents show plaintiff's FTCA claim was not stamped received by the FBOP until January 16, 2024, which was several days after expiration of the two year period for plaintiff to timely present his FTCA claim.

On September 23, 2026, plaintiff filed instant motion to expedite consideration of the parties' pending motions.

**STATEMENT OF FACTS**

The facts alleged in plaintiff's operative amended complaint may be summarized as follows. On December 4, 2021, plaintiff woke up at Federal Medical Center, Butner ("FMC Butner") with blurry vision and a yellow vertical line in his right eye and a headache. (Am. Compl. (DE 12) at 5).[1] Plaintiff stated multiple times it was an emergency and requested to visit an outside hospital so that he would not lose his eye. (Id.). Plaintiff did not see a doctor at FMC Butner until December 6, 2021, who told plaintiff he needed to be seen by an optometrist. (Id.). When plaintiff asked why he had not been taken to see an optometrist two days prior, the doctor said she was not informed of the issue. (Id.).

On December 12, 2021, plaintiff was seen by Dr. James, an eye specialist outside FMC Butner, who told plaintiff he had a detached retina, needed surgery within the week, and that hopefully Dr. James "can still save the eye." (Id.). Plaintiff received surgery December 13, 2021. (Id.). On the morning of December 14, 2021, plaintiff began vomiting and ultimately fainted, resulting in a concussion. (Id.). Plaintiff visited Dr. James later that day, who inspected the surgery site and told plaintiff he had a scratch and infection inside his right eye. (Id. at 6). Dr. James administered three shots to plaintiff's eye and instructed him to sleep upright for seven days "using

[1] Page numbers specified in citations to the record refer to the page number of the document designated in the court's electronic case filing (ECF) system and not to numbering specified on the face of the underlying document.

two or three pillows." (Id.). Upon his return to FMC Butner, plaintiff requested FMC Butner's staff to provide three pillows so plaintiff could comply with Dr. James's orders, but plaintiff was not provided any pillows by staff. (Id.).

On December 16, 2021, plaintiff relayed Dr. James's instructions to the nurse who visited plaintiff's cell to administer his eye medicine, but instead the nurse grabbed the medications and threw them back on the table and walked out of the room. (Id.). Plaintiff also again asked for three pillows which were not brought. (Id.). Plaintiff visited Dr. James's office several times over the following five days, who inspected plaintiff's eye and told him to continue using the eye drops. (Id.). On December 21, 2021, Dr. James told plaintiff there was still a small abrasion in his eye, instructed plaintiff to stop using the ointment, and inserted a contact lens in plaintiff's eye which was left therein to help heal the abrasion. (Id.). On December 30, 2021, plaintiff was taken back to Dr. James's clinic, where plaintiff was seen by two other doctors who Dr. James had asked to examine plaintiff and provide their opinions. (Id.).

On January 9, 2022, Dr. James visited plaintiff at FMC Butner and told plaintiff he had lost eyesight in his right eye, which was "caused by the delay in treatment" and "the infection caused by the scratch" in plaintiff's eye. (Id. at 7). Plaintiff thereafter filed numerous administrative claims over the course of two years requesting monetary compensation for loss of his right eye, including a standard form 95 ("SF-95"). (Id. at 8; see generally DE 12-1).

## COURT'S DISCUSSION

A. Motion to Dismiss

1. Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the

defendant. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Bain, 697 F.2d at 1219. Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In that case, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Id.

When a defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party in such case "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

In addition, when a party is proceeding pro se, pleadings should be "liberally construed" and they are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Erickson, however, does not undermine the "requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008).

2. Analysis

Defendant argues plaintiff's FTCA claim for medical negligence must be dismissed for lack of subject matter jurisdiction because plaintiff failed to exhaust administrative remedies as required by the FTCA where plaintiff does not show he presented his FTCA claim to the FBOP. The FTCA waives the United States' sovereign immunity for "claims arising out of torts

committed by federal employees." Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 217–18 (2008). An FTCA plaintiff must first present the tort claim to the appropriate federal agency and receive notice of denial of the claim by that agency before filing a civil action in federal court. The FTCA provides in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Section 2675(a)'s presentment requirement is a jurisdictional prerequisite to the institution of a tort action under the FTCA. McNeil v. United States, 508 U.S. 106, 111, 113 (1993); Plyler v. United States, 900 F.2d 41, 42–43 (4th Cir. 1990). Administrative regulations provide that a claim is presented "when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2(a). The notification must "sufficiently describ[e] the injury to enable the agency to begin its own investigation." Ahmed v. United States, 30 F.3d 514, 516–17 (4th Cir. 1994).

Here, it is uncontested that plaintiff filed ten administrative claims describing his eye injury and seeking monetary compensation. (See DE 12-1; DE 19-4). These administrative remedy forms, however, are insufficient to provide the required notice where, throughout the filings, plaintiff expressly stated that he was not filing a tort claim under the FBOP's procedures. (DE 12-1 at 5, 7, 11, 13, 15); see 28 C.F.R. § 14.1 (providing that the regulations apply "only to claims asserted under the Federal Tort Claims Act"). The FBOP cannot be faulted for failing to construe

the administrative remedy requests as presentment of a tort claim where plaintiff expressly disclaimed that he was attempting to file an FTCA claim.

Next, the court turns to whether plaintiff's SF-95 satisfied the FTCA's presentment requirement. Plaintiff testifies in sworn statement that he mailed the SF-95 to the FBOP and proffers a USPS certified mail receipt that plaintiff testifies corresponds to the SF-95 submitted to the FBOP relating to plaintiff's instant medical negligence claim. (See DE 26-1 at 1–5). Defendant claims the FBOP did not receive plaintiff's SF-95. (DE 19 at 9). And defendant argues that "under the FTCA, plaintiff must establish not only that he mailed the tort claim, but that the government received it." (Id.); (citing Adeyola v. Reddy, 718 F. Supp. 3d 464, 475 (E.D.N.C. 2024)).

Defendant is correct that the presentment requirement in the FTCA requires evidence of actual receipt. See Adeyola, 718 F. Supp. 3d at 475. But plaintiff provides some evidence of actual receipt of the SF-95 by the FBOP, namely, plaintiff's sworn statement that he mailed the SF-95 to the FBOP and a USPS certified mail receipt dated August 7, 2023, that plaintiff testifies corresponds to the SF-95. (See DE 26-1 at 1–5; DE 12-1 at 32–35). Defendant, on the other hand, argues this certified mail receipt was not stamped as received until January 16, 2024, which falls outside the two year accrual period for plaintiff to file an FTCA claim. (DE 28 at 6 (citing 28 U.S.C. § 2401(b)).

The court declines to resolve this factual dispute in the instant procedural posture. At minimum, in the circumstances presented here, plaintiff should be afforded discovery regarding defendant's claim that the FBOP did not receive the SF-95. See, e.g., Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). Thus, the court will deny the motion to dismiss and this action will

proceed to discovery. Plaintiff's related motion for jurisdictional discovery is granted on the terms herein.[2]

## CONCLUSION

Based on the foregoing, the court DENIES defendant's motion to dismiss (DE 18) and GRANTS plaintiff's motion for jurisdictional discovery (DE 27). Plaintiff's motion to expedite (DE 29) is DENIED as moot. The clerk shall issue initial scheduling order after defendant files its answer.

SO ORDERED, this the 29th day of September, 2026.

LOUISE W. FLANAGAN
United States District Judge

[2] The court will enter its standard scheduling order providing for a period of discovery in this case. If the parties wish to limit that discovery to the jurisdictional issue, then either side is invited to file appropriate motion seeking that limitation on discovery.